255-173-00

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER LOUISE JENKINS, | ) | |
| Administrator *ad Litem* of the | ) | |
| ESTATE OF STERLING L. HIGGINS | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 20-cv-01056 STA-dkv |
| | ) | |
| OBION COUNTY, TENNESSEE; | ) | |
| UNION CITY, TENNESSEE; | ) | |
| ROBERT THOMAS OSBORNE, Individually; | ) | |
| MARY BROGLIN, Individually; | ) | |
| WAYLON SPAULDING, Individually; and, | ) | |
| BRENDON SANFORD, Individually | ) | |
| | ) | |
| *Defendants.* | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Obion County, Tennessee, Mary Brogglin, Waylon Spaulding and Brendon Sanford ("Defendants"), Answer the Plaintiff's First Amended Complaint [ECF 37].

### GENERAL OBJECTION

Defendants object to the allegations appearing in the Plaintiff's First Amended Complaint to the extent that they state legal conclusions and to the form of the pleadings in that they make certain implications beyond the factual assertions alleged. Such implications, whether apparent or unapparent, are expressly and unequivocally denied and Defendants demand strict proof thereof. Defendants further object to the First Amended Complaint in that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Defendants deny that they violated Sterling Higgins' constitutional rights and deny that Plaintiff is entitled to any relief whatsoever.

1

## ADMISSIONS AND DENIALS

Without waiving the above objections, Defendants respond to the specific allegations in Plaintiff's First Amended Complaint as follows:

1. Defendants admit Plaintiff asserts both federal and state claims. Defendants deny Plaintiff is entitled to any relief or recovery whatsoever from these Defendants under any theory of law and deny all other allegations appearing in this paragraph.

2. Denied.

3. Defendants do not dispute that this Court possesses jurisdiction over Plaintiff's federal claims. Defendants deny this Court should exercise supplemental jurisdiction over Plaintiff's state law claims, deny they violated Mr. Higgins' rights, and deny that Plaintiff is entitled to any relief or recovery whatsoever from these Defendants under any theory of law.

4. Defendants do not dispute that this Court possesses personal jurisdiction over Defendants. Defendants deny that Plaintiff is entitled to any relief or recovery whatsoever from these Defendants under any theory of law

5. Defendants do not dispute that venue is proper. Defendants deny that Plaintiff is entitled to any relief or recovery whatsoever from these Defendants under any theory of law.

6. Based upon information and belief, admit that the Gibson County Chancery Court appointed Plaintiff the Administrator *ad Litem* of the Estate of Sterling Lapree Higgins. Defendants are without sufficient information or belief to admit or deny whether Mr. Higgins had two minor children and demand strict proof thereof.  Defendants deny

2

Plaintiff is entitled to any relief or recovery whatsoever from these Defendants under any theory of law.

7. Admit that Mr. Higgins died on March 25, 2019. Without sufficient information or belief to admit or deny Mr. Higgins' age, citizenship, or place of residence.  Deny the remaining allegations appearing in this paragraph.

8. Admit that Obion County, Tennessee is a political subdivision of the State of Tennessee.  Defendants deny that they are liable to the Plaintiff under any theory of law and deny that Obion County can be held liable under a *respondeat superior* theory to the extent Plaintiff's claims are brought under 42 U.S.C. § 1983.  Defendants further rely upon any and all immunities available to them and the affirmative defenses set forth below.

9. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary.

10. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary.

11. Admit that Mary Brogglin was employed by Obion County and was an officer at the Obion County Jail at all times relevant. Defendants deny Defendant Brogglin violated Mr. Higgins's rights under state or federal law and deny the remaining allegations appearing in this paragraph.

12. Admit that Waylon Spaulding was employed by Obion County and was an officer at the Obion County Jail at all times relevant.  Defendants deny Defendant Spaulding violated Mr. Higgins's rights under state or federal law and deny the remaining allegations appearing in this paragraph.

3

13. Admit that Brendon Sanford was employed by Obion County and was an officer at the Obion County Jail at all times relevant.  Defendants deny Defendant Sanford violated Mr. Higgins's rights under state or federal law and deny the remaining allegations appearing in this paragraph.

14. Based upon information and belief, admit that Mr. Higgins called 911 on the night of March 24, 2019.  Deny the remaining allegations appearing in this paragraph.

15. Without sufficient information or belief to admit or deny and demand strict proof thereof.

16. Based upon information and belief, admitted that Union City Police officers were dispatched to Pocket's Market. Without sufficient information or belief to admit or deny the remaining allegations appearing in this paragraph.

17. Without sufficient information or belief to admit or deny and demand strict proof thereof.

18. Without sufficient information or belief to admit or deny and demand strict proof thereof.

19. Without sufficient information or belief to admit or deny and demand strict proof thereof.

20. Without sufficient information or belief to admit or deny and demand strict proof thereof.

21. Without sufficient information or belief to admit or deny and demand strict proof thereof.

22. Without sufficient information or belief to admit or deny and demand strict proof thereof.

4

23. Admit that Defendant Osborne took Mr. Higgins to the Obion County Jail on March 25, 2019. Without sufficient information or belief to admit or deny the remaining allegations in this paragraph and demand strict proof thereof.

24. Admit that Defendant Osborne took Mr. Higgins to the Obion County Jail.  Deny the remaining allegations appearing in this paragraph.

25. Admit that when Defendant Osborne arrived at the jail, he parked his vehicle in the sally-port. Further admit that after Defendant Osborne allowed Mr. Higgins out of the vehicle, Mr. Higgins ran around the patrol car.  Without sufficient information or belief to admit or deny what, if any, statements Mr. Higgins made in the sally-port.  Deny that these Defendants observed or interacted with Mr. Higgins until he attacked Defendant Brogglin immediately after Mr. Higgins entered the jail. Deny all other allegations in this paragraph to the extent they are direct towards these Defendants.

26. Admit that prior to Defendant Osborne escorting Mr. Higgins into the jail, Defendant Brogglin was engaged in normal job duties.  Deny the remaining allegations appearing in this paragraph.

27. Admit that after entering the jail, Mr. Higgins attacked Defendant Brogglin and violently pulled her hair. Deny the remaining allegations in this paragraph.

28. Admit that Defendant Spaulding was at the Obion County Jail at the time Defendant Osborne arrived to the jail.  Deny the remaining allegations appearing in this paragraph.

29. Denied.

30. Denied.

31. Admit that Defendant Sanford and Brogglin were present in the hallway of the jail. Deny the remaining allegations in this paragraph.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admit that officers placed Mr. Higgins in a restraint chair. Deny the remaining allegations in this paragraph.

37. Admit that officers placed Mr. Higgins in a booking cell. Deny the remaining allegations in this paragraph.

38. Admit that officers placed Mr. Higgins in a booking cell. Deny the remaining allegations in this paragraph.

39. Admit that officers checked Mr. Higgins' pulse. Deny the remaining allegations appearing in this paragraph.

40. Denied.

41. The allegations in this paragraph are not directed toward these Defendants, therefore no response is necessary. To the extent any allegations in this paragraph are directed towards these Defendants, denied.

42. The allegations in this paragraph are not directed toward these Defendants, therefore no response is necessary. To the extent any allegations in this paragraph are directed towards these Defendants, denied.

43. Denied.

44. Denied.

45. Admit that some of the Defendants removed restraints from Mr. Higgins. Deny all other remaining allegations appearing in this paragraph.

6

46. Admit that Fire/EMS personnel arrived at the jail. Deny all other remaining allegations appearing in this paragraph.

47. Admitted.

48. Admit that surveillance footage captured a portion of the events that are subject to this lawsuit.  Deny the remaining allegations appearing in this paragraph.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Admitted that Mr. Higgins was pronounced dead on March 25, 2019. Without sufficient information or belief to admit or deny the remaining allegations appearing in this paragraph.

56. Admitted that Defendants Spaulding, Brogglin, and Sanford were acting in the course and scope of their employment with Obion County. Deny the remaining allegations appearing in this paragraph.

57. Denied.

58. Denied.

59. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary. To the extent any allegations in this paragraph are directed towards these Defendants, denied.

60. Denied to the extent the allegations in this paragraph are directed toward these Defendants.

61. Denied to the extent the allegations in this paragraph are directed toward these Defendants.

62.  Denied.

63. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary. To the extent any allegations in this paragraph are directed towards these Defendants, denied.

64. Denied to the extent the allegations in this paragraph are directed toward these Defendants.

65. Denied to the extent the allegations in this paragraph are directed toward these Defendants.

66. Denied to the extent the allegations in this paragraph are directed toward these Defendants.

67. Denied.

68. Defendants incorporate their responses to all other paragraphs of the First Amended Complaint as if fully set forth herein.

69. Denied.

70. Defendants incorporate their responses to all other paragraphs of the First Amended Complaint as if fully set forth herein.

71. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary.

72. Defendants incorporate their responses to all other paragraphs of the First Amended Complaint as if fully set forth herein.

73. Denied to the extent the allegations in this paragraph are directed toward these Defendants.

74. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary.

75. Denied.

76. Denied.

77. Denied.

78. Defendants incorporate their responses to all other paragraphs of the First Amended Complaint as if fully set forth herein.

79. Denied.

80. Defendants incorporate their responses to all other paragraphs of the First Amended Complaint as if fully set forth herein.

81. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary. To the extent any allegations in this paragraph are directed towards these Defendants, denied.

82. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary. To the extent any allegations in this paragraph are directed towards these Defendants, denied.

83. The allegations appearing in this paragraph are not directed towards these Defendants. Therefore, no response is necessary. To the extent any allegations in this paragraph are directed towards these Defendants, denied.

84. Defendants acknowledge Plaintiff's right to a jury trial except to the extent Plaintiff demands a jury to hear Plaintiff's claims subject to the GTLA.

85. Defendants deny Plaintiff is entitled to any relief under any theory of law.

## GENERAL DENIAL

All allegations contained within the First Amended Complaint not admitted, denied, or explained are now expressly denied, and Defendants demand strict proof thereof. Defendants deny that the Plaintiff is entitled to any relief from these Defendants under any theory of law. Defendants demand that this cause of action be dismissed and that they be awarded whatever relief this Court deems necessary and/or appropriate, including costs and attorney fees.

## AFFIRMATIVE DEFENSES

1. Defendants hereby state that the Plaintiff's First Amended Complaint should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure in that Plaintiff has failed to set forth a claim upon which relief can be granted against Defendants.

2. To the extent discovery reveals that Plaintiff lacks standing to pursue this action pursuant to Tennessee's wrongful death statute, the Plaintiff's claims should be dismissed.

3. Defendants affirmatively plead any and all immunities, whether absolute and/or qualified, including the Public Duty Doctrine and all immunities set forth pursuant to T.C.A. § 29-20-101 et. seq., otherwise known as the Tennessee Governmental Tort Liability Act and demand strict statutory compliance with said Act. Immunity has not been waived. Therefore, Plaintiff may not recover from these Defendants.

4.      Defendants rely upon qualified immunity, as the decedent did not suffer a constitutional deprivation and no alleged violation involved a clearly established constitutional right of which a reasonable person would have known.  Plaintiff can offer no evidence to indicate that any action or omission of Defendants was objectively unreasonable in light of any clearly established constitutional rights.

5.      Defendants specifically deny and affirmatively state that at no time did they violate the decedent's Constitutional rights.  Therefore, the Plaintiff's claims should be dismissed.

6.      To the extent that Plaintiff's 42 U.S.C. § 1983 claims against Defendants are based on a *respondeat superior* theory of liability, such claims are without merit and are not allowable under 42 U.S.C. § 1983.

7.      At all times relevant, Defendants acted in good faith, as reasonable and prudent governmental entity/actors without any subjective denial of the decedent's Constitutional rights and in accordance with the enacted appropriate policies and procedures designed to protect the decedent. Moreover, at all times relevant, Defendants acted in an objectively reasonable manner given the information and circumstances then and there known to Defendants.

8.      At no time did Defendants act with deliberate indifference towards the decedent.

9.      At all times relevant, Obion County had enacted appropriate policies and procedures designed to protect the constitutional rights of the decedent. Moreover, there was not a policy or custom of Obion County that caused the alleged injuries or death of the decedent.

11

10.    Defendants affirmatively state that, at all times relevant, Obion County had proper procedures in place for the hiring, training, and supervision of officers, agents and employees of Obion County.

11.    Defendants affirmatively state Sterling Higgins death was the direct result of his own intentional, reckless and/or negligent actions. Therefore, Plaintiff cannot recover from Defendants.

12.    Defendants rely upon the doctrine of modified comparative fault under the laws of the State of Tennessee as it may apply to the allegations in the First Amended Complaint, and as fault may be apportioned to parties other than these Defendants, including the decedent, Union City, Tennessee, the Union City Police Department, and Robert Osborne. Without admitting the allegations against other named Defendants, should the fact finder determine that Union City, Tennessee, the Union City Police Department, and/or Robert Osborne were guilty of some negligent act, then these Defendants assert that fault should be assigned to the other named defendants accordingly in proportion to the percentage of negligence attributed to their actions or inactions.

13.    Defendants specifically and specially deny that the injuries allegedly incurred by the decedent were proximately caused by the incident in question or by the acts or omissions of Defendants. Defendants further deny that any breach of legal duty by act, omission, or otherwise by Defendants were the proximate, producing, or legal cause of any injury to the decedent. Alternatively, the negligence or intentional acts of third parties, over whom Defendants have no control, was a new and independent cause or an intervening cause of any injuries. Those acts or omissions were not

reasonably foreseeable, and destroyed the causal connection, if any, between any alleged actions of Defendants and the alleged occurrence in question and thereby became the immediate cause of such occurrence and any alleged injuries sustained by the decedent. Any injuries that the decedent sustained, if any, were the fault of his own actions or inactions, or that of a third party, and therefore, Plaintiff cannot recover from Defendants.

14.     Plaintiff is not entitled to a jury trial to the extent she has brought claims against these Defendants that are subject to the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101, *et. seq.*, and Defendants move that Plaintiff's jury demand be struck as to all claims arising under the GTLA and/or further move that such claims be bifurcated. Moreover, any state law damages and/or punitive damages claims against individual defendants should also be bifurcated.

15.     Defendants assert the statute of limitations as a defense in the event that discovery in this cause of action yields any information which shows that the Plaintiff's claims may be barred.

16.     Defendants affirmatively reserve the right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may become warranted due to discovery or factual developments.

WHEREFORE, PREMISES CONSIDERED, Defendants demand that Plaintiff's First Amended Complaint be dismissed, that the costs of this cause be assessed against the Plaintiff, and that the Defendants be awarded reasonable and necessary attorneys' fees and expenses pursuant to

42 U.S.C. § 1988.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By:    <u>s/Nathan D. Tilly</u>
       William B. Mauldin (#022912)
       Nathan D. Tilly (#031318)
       *Attorneys for Obion County, Tennessee, an entity named as*
       *Obion County Sheriff's Department, Mary Brogglin,*
       *Waylon Spaulding, and Brendon Sanford*
       162 Murray Guard Drive, Suite B
       Jackson, TN  38305
       Phone: (731) 668-5995
       Fax:    (731) 668-7163
       wmauldin@pgmfirm.com
       ntilly@pgmfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of this paper or pleading via ECF filing system, upon:

Edwin S. Budge
Erik J. Heipt
808 E. Roy Street
Seattle, WA 92102
ed@budgeandheipt.com
erik@budgeandheipt.com

David L. Cooper
The Law Office of David L Cooper
Third Avenue, North, Suite 300
Nashville, TN 37201
dcooper@cooperlawfirm.com

Michael R. Hill
Michael Varnell
Flippin, Collins & Hill
P.O. Box 679
Milan, TN 38358
mh_fch@bellsouth.net
wmv_fch@bellsouth.net

John D. Burleson
Dale Conder
Rainey, Kizer, Reviere & Bell
209 E. Main Street
Jackson, TN 38301
jburleson@raineykizer.com
dconder@raineykizer.com

On this the 26th day of June, 2020.

PENTECOST, GLENN & MAULDIN, PLLC

By:    <u>s/Nathan D Tilly</u>

14