# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER LOUISE JENKINS, ) | |
| Administrator *ad Litem* of the ) | |
| ESTATE OF STERLING L. HIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | No. 20-cv-01056-STA-atc |
| ) | |
| OBION COUNTY, TENNESSEE; ) | |
| UNION CITY, TENNESSEE; ) | |
| ROBERT THOMAS ORSBORNE, Individually; ) | |
| MARY BROGLIN, Individually; ) | |
| WAYLON SPAULDING, Individually; and, ) | |
| BRENDON SANFORD, Individually, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
## OF DEFENDANT ROBERT THOMAS ORSBORNE

Plaintiff Jennifer Louise Jenkins has filed this action as the administrator *ad litem* of the Estate of Sterling L. Higgins ("the Decedent"), alleging in her amended complaint (ECF No. 37) that Defendants Obion County, Tennessee, Union City, Tennessee, and their employees Robert Thomas Orsborne,[1] Mary Broglin, Waylon Spaulding, and Brendon Sanford, in their individual capacities, violated the civil rights of the Decedent during his arrest, pretrial detention, and subsequent death. Plaintiff brings her claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Tennessee state law.

---

[1] The parties have spelled Defendant's name as both "Osborne" and "Orsborne." The correct spelling appears to be "Orsborne." The Clerk of the Court is **DIRECTED** to modify the docket to show Defendant's name as "Robert Thomas Orsborne."

Defendant Orsborne has filed a motion for judgment on the pleadings on Plaintiff's claims under the ADA and the Rehabilitation Act and on Plaintiff's § 1983 claim for the minor children's loss of their relationship and companionship with their father, the Decedent. (ECF No. 52.) Plaintiff has filed a response to the motion (ECF No. 56) and agrees that the ADA and the Rehabilitation Act should be dismissed, but she maintains that the minor children's loss of their relationship and companionship with the Decedent is a viable claim under § 1983.[2] Defendant has filed a reply to the response. (ECF No. 57.) For the reasons set forth below, Defendant's motion is **GRANTED**.

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson County*, 814 F.2d 277, 279 (6th Cir.1987)). The complaint must be construed in the light most favorable to the nonmoving party, and its allegations taken as true. *See Clevenger v. Dillards, Inc.*, 412 F. Supp. 2d 832, 840 (S.D. Ohio 2006) (citations omitted) (discussing the standard for ruling on a motion to dismiss). To survive a motion to dismiss under Rule 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (citations and internal quotation marks omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

---

[2] The parties agree that Plaintiff may bring a loss of consortium claim of behalf of the Decedent's minor children under Tennessee state law.

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811(1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

Plaintiff has asserted, *inter alia*, "all claims on [the Estate's] behalf and all claims actionable by it on behalf of Mr. Higgins's two minor daughters …." (Amd. Cmplt. at ¶ 6, ECF No. 37.) Plaintiff specifically alleges that the Decedent's minor daughters "were unconstitutionally deprived of their liberty interest in their relationship and companionship with Mr. Higgins and their right to a future relationship with him." (*Id.* at ¶¶ 67, 74.) Defendant contends that Plaintiff cannot state a Fourteenth Amendment claim for the minor children's loss of their relationship and companionship with the Decedent under § 1983.

As noted by Defendant, the Sixth Circuit has held that § 1983 claims are "entirely personal to the direct victim of the alleged constitutional tort" and that "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (finding that ); *see also Foos v. City of Delaware*, 492 F. App'x 582, 593 (6th Cir. 2012) (quoting *Claybrook*, 199 F.3d at 357). Instead, these "kinds of injuries are appropriately raised in a state tort law cause of action." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010).

Plaintiff acknowledges that the Sixth Circuit does not permit children to assert their own personal Fourteenth Amendment claims arising from the alleged unconstitutional death of a parent. However, she contends that, as administrator of the Estate, she is bringing claims for the pecuniary value of the Decedent's life and that the children are asserting no claims on their own behalf. According to Plaintiff, "while no child in this circuit would have the right to assert personal

3

Fourteenth Amendment claims as a named Section 1983 plaintiff, the Administrator may seek these consortium damages under Section 1983 because they were vested in Higgins at the time of his death and comprise part of the pecuniary value of his life under the law of the forum state." (Resp. p. 7, ECF No. 56.)  Plaintiff presents the issue as whether she, as the Administrator, can assert constitutional claims under § 1983 that include recovery for consortium losses suffered by the Decedent's minor daughters as part of the Decedent's pecuniary loss.  In support of her argument, Plaintiff cites *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 598 (Tenn. 1999).

Another Court in this district analyzed and rejected the same argument made by Plaintiff.

> Plaintiff argues in response that he requests damages based on a loss of consortium claim belonging to the decedent, as opposed to his heirs. Tennessee law applies to determine the survival of a civil rights action as long as it is not in conflict with the Constitution and laws of the United States. *Jaco* [*v. Bloechle*], 739 F.2d [239, 241 (6th Cir. 1984]. Plaintiff argues that in this case a loss of consortium claim is permitted by Tennessee law and not inconsistent with federal law as expressed in Jaco. Plaintiff relies on a recent case interpreting the Tennessee survival statute, Tennessee Code Annotated, § 20–5–113. *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 598 (Tenn. 1999).
>
> In *Jordan*, the Tennessee Supreme Court stated that the statute preserves "whatever cause of action was vested in the victim at the time of death." *Id.* The court applied the statute to permit spouses and children of the decedent to assert loss of consortium claims. *Id.* at 601–02.
>
> Relying on the Tennessee Supreme Court's decision in *Jordan*, Plaintiff argues that consortium claims now belong to the decedent, as opposed to the decedent's heirs, and constitute part of the decedent's cause of action. Plaintiff then presumes loss of consortium damages are available under his § 1983 claims because the damages belong to the decedent.
>
> *Jordan* does not support this conclusion. In *Jordan*, the court noted that the survival statute also provides that "damages may be recovered 'resulting to the parties for whose use and benefit the right of action survives from the death.'" *Id.* at 598. The court went on to state that "survivors of the deceased may recover damages for *their losses* suffered as a result of the death as well as damages sustained by the deceased from the time of injury to the time of death." *Id.* (emphasis added). Thus, the court clearly recognized a distinction between those damages that are recovered on behalf of the decedent and those, such as loss of consortium, that clearly are suffered and recovered by the decedent's heirs. As such,

the federal loss of consortium claim does not belong to the decedent and is hereby DISMISSED.

*Robinson v. City of Memphis*, 340 F. Supp. 2d 864, 872 (W.D. Tenn. 2004).  This Court adopts the well-reasoned analysis in *Robinson* and finds that Defendant Orsborne is entitled to the dismissal of Plaintiff's § 1983 claim for loss of consortium on behalf of the minor children.

In summary, Defendant Orsborne's motion for judgment on the pleadings is **GRANTED**. Plaintiff's claim for loss of consortium under § 1983, the Americans with Disabilities Act claim, and the Rehabilitation Act claim are hereby **DISMISSED**.  All other claims against Defendant Orsborne remain.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   September 28, 2020.