IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON

| | | |
|---|---|---|
| JENNIFER LOUIS JENKINS,<br>Administrator *ad Litem* of the<br>ESTATE OF STERLING L. HIGGINS, | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:20-cv-01056-STA-dkv |
| OBION COUNTY SHERIFF'S DEPARTMENT, | ) | |
| OBION COUNTY, TENNESSEE, | ) | |
| UNION CITY POLICE DEPARTMENT, | ) | |
| UNION CITY, TENNESSEE, | ) | |
| ROBERT THOMAS OSBORNE, | ) | |
| individually, MARY BROGLIN, individually, | ) | |
| WAYLON SPAULDING, individually, and | ) | |
| BRENDON SANFORD, individually, | ) | |
| | ) | |
| **Defendants.** | ) | |

AMENDED ANSWER[1] OF DEFENDANT ROBERT
THOMAS ORSBORNE TO AMENDED COMPLAINT

Robert Thomas Orsborne[2] responds to the Amended Complaint as follows:

**FIRST DEFENSE**

1.      In response to the first sentence in ¶ 1, Orsborne admits plaintiff alleges she filed

the action under § 1983, the Americans with Disabilities Act, and state law. Orsborne denies

that he is liable to plaintiff under any of these statutes or common law. In response to the

second sentence, Orsborne denies he caused the death of Sterling Higgins. He admits the

remainder of the allegations in the second sentence. In response to the third sentence,

Orsborne denies the allegations.

---

[1] Orsborne files his amended answer pursuant to Fed. R. Civ. P. 15(a)(2) because Plaintiff and
co-Defendants have provided written consent via email for Orsborne to amend his answer.
[2] Robert Thomas Orsborne pronounces his last name "Osborne" but he spells his name
"Orsborne."

01129-91455(JDB)

2.      In response to ¶¶ 2, 33, 35, 37, 58, 59, 60, 61, 63, 64, 65, 66, 67, 71, 73, 74, 79, 82, and 83, Orsborne denies the allegations.

3.      In response to ¶ 3, Orsborne admits this Court has jurisdiction over the federal claims, but denies that this Court should exercise supplemental jurisdiction over the state-law claims. Orsborne denies that he violated Higgins's constitutional or statutory rights.

4.      In response to ¶¶ 4, 5, 9, 14, 15, 16, 17, 20, 21, 28, 46, and 47, Orsborne admits the allegations.

5.      In response to the first sentence of ¶ 6, Orsborne admits the allegations. In response to the second sentence, Orsborne is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      In response to ¶¶ 7, 8, 11, 12, 13, 15, 30, 32, 40, 43, 44, 55, 57, 62, 69, 75, 76, 77, and 81, Orsborne is without knowledge or information sufficient to form a belief as to the truth of the allegations.

7.      In response to ¶ 10, Orsborne admits the allegations in the first sentence. In response to the second sentence, Orsborne admits he was acting under color of law and that Plaintiff is suing him in his individual capacity. Orsborne denies the rest of the allegations in the second sentence.

8.      In response to ¶ 18, Orsborne admits the allegations in the first and second sentences. Orsborne denies the allegations in the third and fourth sentences.

9.      In response to ¶ 19, Orsborne admits that Sgt. Simmons told Higgins that his mother should be in the hospital and so should Higgins. As to plaintiff's characterization as to why Simmons said this, Orsborne is without knowledge or information sufficient to form a belief as to the truth of the allegation.

10.      In response to ¶ 22, Orsborne admits the allegations in the first and third sentences. Orsborne denies the allegations in the second sentence.

2

01129-91455(JDB)

     11.     In response to the first and third sentences in ¶ 23, Orsborne admits the allegations. Orsborne denies the allegations in the second sentence.

     12.     In response to ¶ 24, Orsborne admits the allegation regarding the time and date that he took Higgins to the Obion County Jail. Orsborne denies the remainder of the allegations.

     13.     In response to the first sentence of ¶ 25, Orsborne admits the allegations. Orsborne denies the allegations in the second sentence. Orsborne also denies the plaintiff's characterization of Higgins's behavior. In response to the third sentence in ¶ 25, Orsborne admits he did not take Higgins for an evaluation, but he denies that under the circumstances he should have taken Higgins for evaluation.

     14.     In response to ¶ 26, Orsborne is without knowledge or information sufficient to form a belief as to what defendant Broglin heard. Orsborne admits the remainder of the allegations.

     15.     In response to the first sentence in ¶ 27, Orsborne admits the allegations. In response to the allegations in the second sentence, Orsborne denies that Brogglin shoved Mr. Higgins. In response to the third sentence, Orsborne admits that Higgins "took hold of some of [Broglin's] hair." Orsborne is without knowledge or information sufficient to form a belief as to the truth of the allegation that Higgins only briefly took hold of Broglin's hair. In response to the fourth sentence in ¶ 27, Orsborne admits Higgins was handcuffed, but denies the remainder of the allegations.

     16.     In response to the first sentence of ¶ 29, Orsborne admits the allegations. Orsborne. Orsborne denies the allegations in the second and third sentences. In response to the fourth and the sixth sentences, Orsborne is without knowledge or information sufficient to form a belief as to the truth of the allegations. In response to the fifth sentence, Orsborne denies that he was on top of Higgins.

     17.     In response to the first sentence in ¶ 31, Orsborne admits the allegations. In

01129-91455(JDB)

response to the second sentence, Orsborne admits that Sanford and Broglin put leg restraints on Higgins.

18.     In response to the first, second and fourth sentences in ¶ 34, Orsborne denies the allegations. In response to the third sentence, Orsborne admits that at some point Higgins stopped moving and appeared to be limp. Orsborne is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

19.     In response to the first sentence in ¶ 36, Orsborne denies the allegations. In response to the second, third, and fifth sentences, Orsborne admits the allegations. In response to the fourth and sixth sentences, Orsborne is without knowledge or information sufficient to form a belief as to the truth of the allegations. Admits the allegations. Orsborne denies the rest of the allegations in ¶ 36.

20.     In response to the first and second sentences in ¶ 38, Orsborne denies the allegations. In response the third sentence, Orsborne admits that there were times when Higgins was alone in the cell.

21.     In response to the first sentence in ¶ 39, Orsborne admits the allegations. Orsborne denies the allegations in the second sentence.

22.     In response to ¶ 41, Orsborne admits he left the cell, used his telephone, and that he walked in the hallway. Orsborne denies the rest of the allegations.

23.     In response to ¶ 42, Orsborne admits that Sgt. Simmons entered Higgins's cell at approximately 2:13 a.m. and checked on the unconscious Higgins.

24.     In response to ¶ 45, Orsborne denies that he was involved in removing Higgins from the restraint chair.

25.     In response to ¶ 48, Orsborne admits the video cameras at the jail recorded

4

01129-91455(JDB)

events involving Mr. Higgins. To the extent the video shows the events described in ¶ 48, Orsborne admits the allegations. Orsborne denies the self-serving descriptions. Orsborne also denies that he violated Mr. Higgins's federal constitutional rights.

26.     In response to ¶ 49, Orsborne denies that he stood "upon Mr. Higgins's body" in any way that interfered with Mr. Higgins's breathing. As for a description of what the videos show, Orsborne denies the allegations to the extent the video contradicts the descriptions. But to the extent the descriptions of events shown in the video are accurate, Orsborne admits the allegations.

27.     In response to ¶ 50, Orsborne denies that he committed the alleged acts, and he denies that he violated Mr. Higgins's federal constitutional rights. As for a description of what the videos show, Orsborne denies the allegations to the extent the video contradicts the descriptions in paragraph 50. Orsborne denies the self-serving descriptions. Orsborne lacks knowledge or information sufficient to form a belief as to the allegation that the "white substance … was likely pulmonary fluid … which clearly indicated Mr. Higgins was in dire need of immediate medical attention."

28.     In response to the first sentence of ¶ 51, Orsborne lacks knowledge or information sufficient to form a belief as to the truth of the "lifeless body" allegation. Orsborne admits the rest of the allegations in that sentence. Orsborne admits the allegations in the second and third sentences. In response to the fourth sentence, Orsborne lacks knowledge or information sufficient to form a belief as to the truth of the "lifeless body" allegation. To the extent the video shows events described in paragraph 51, Orsborne admits the allegations.

29.     In response to ¶¶ 52-54, Orsborne admits the allegations factually describing what is shown in the videos. To the extent that the allegations describe Mr. Higgins's body as being "lifeless," Orsborne lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Orsborne denies he violated Mr. Higgins's federal constitutional rights.

5

01129-91455(JDB)

Orsborne denies that he dragged Mr. Higgins's body. As for the white-substance allegations, Orsborne admits that it appears on the video there is something around Mr. Higgins's nose. Orsborne lacks knowledge or information sufficient to form a belief as to the truth of any allegations regarding what the "white substance" is.

30.     In response to the first and second sentences in ¶ 56, Orsborne admits the allegations, but again denies that his employer is the "Union City Police Department." Orsborne denies the allegations in the third sentence.

31.     In response to ¶ 68, Orsborne incorporates his responses to ¶¶ 1 through 67 of the Complaint as if restated verbatim herein.

32.     In response to ¶ 70, Orsborne incorporates his responses to ¶¶ 1 through 69 as if restated.

33.     In response to ¶ 72, Orsborne incorporates his responses to ¶¶ 1 through 71 as if restated.

34.     In response to ¶ 78, Orsborne incorporates his responses to ¶¶ 1 through 77 as if restated.

35.     In response to ¶ 80, Orsborne incorporates his responses to ¶¶ 1 through 79 as if restated.

36.     In response to ¶ 84, Orsborne demands a jury, too.

37.     In response to ¶ 85, Orsborne denies that plaintiff is entitled to damages or any other form of relief from him.

## **SECOND DEFENSE**

Because Orsborne did not violate a clearly established right of which a reasonable police officer would have known, he is entitled to defense of qualified immunity.

01129-91455(JDB)

## THIRD DEFENSE

Plaintiff has failed to state a Fourteenth Amendment claim against Orsborne on behalf of Higgins's minor children.

## FOURTH DEFENSE

Plaintiff has not stated claims against Orsborne under Rehabilitation Act or under Title II of the Americans with Disabilities Act.

## FIFTH DEFENSE

Plaintiff alleges that Orsborne is liable because he violated "the applicable . . . medical standards of care." To the extent plaintiff is asserting a healthcare liability claim, plaintiff has failed to state a claim.

## SIXTH DEFENSE

Orsborne relies upon the doctrine of comparative fault under Tennessee law as it may apply to the allegations in the First Amended Complaint. Orsborne alleges that Higgins death was the result of his own intentional, reckless, and/or negligent acts. To the extent that the trier of fact concludes that Higgins or other Defendants were guilty of some negligent act, then the fault should be assigned to the Plaintiff or other Defendants in proportion to the percentage of negligence attributed to their actions or inactions.

## SEVENTH DEFENSE

To the extent Plaintiff is alleging state law claims, Orsborne relies upon any and all immunities and defenses pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq.

01129-91455(JDB)

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:    s/ Dale Conder Jr.
         JOHN D. BURLESON, BPR NO. 010400
         DALE CONDER JR., BPR NO. 015419
         MATTHEW R. COURTNER, BPR NO. 29113
         *Attorneys for Defendant Robert Thomas Orsborne*
         209 East Main Street
         P. O. Box 1147
         Jackson, TN  38302-1147
         (731) 423-2414
         jburleson@raineykizer.com
         dconder@raineykizer.com
         mcourtner@raineykizer.com

## CERTIFICATE OF SERVICE

On August 5, 2020, I electronically filed this document using the Court's electronic filing system. The electronic filing system will serve a copy on counsel for the other parties on the electronic filing report. All other parties will be served by facsimile, e-mail, or regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

EDWIN S. BUDGE, Bar No. 24182
ERIK J. HEIPT, Bar No. 28113
*Attorneys for Plaintiff*
808 E. Roy St.
Seattle, Washington 98102
(206) 624-3060
ed@budgeandheipt.com
erik@budgeandheipt.com

DAVID L. COOPER, BPR NO. 1145
Attorney for Plaintiff
Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com

MICHAEL R. HILL, BPR NO. 17409
*Attorneys for Union City, Tennessee and Union City Police Department*
Flippin, Collins & Hill, P.L.L.C.
P.O. Box 679
1066 South Main Street
Milan, TN 38358
(731) 686-8355
mh_fch@bellsouth.net
wmv_fch@bellsouth.net

WILLIAM B. MAULDIN BPR NO. 022912
NATHAN D. TILLY BPR NO. 031318
*Attorneys for Obion County, Tennessee, an entity named as Obion County Sheriff's Department, Mary Brogglin, Waylon Spaulding, and Brendon Sanford*
Pentecost, Glenn & Mauldin, PLLC
162 Murray Guard Drive, Suite B
Jackson, TN 38305
(731) 668-5995
wmauldin@pgandr.com
ntilly@pgandr.com

        s/ Dale Conder Jr.

8