# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER LOUISE JENKINS, ) | |
| Administrator *Ad Litem* of the ) | |
| ESTATE OF STERLING L. HIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 20-cv-01056-STA-atc |
| ) | |
| OBION COUNTY, TENNESSEE; ) | |
| UNION CITY, TENNESSEE; ) | |
| ROBERT THOMAS ORSBORNE, Individually; ) | |
| MARY BROGLIN, Individually; ) | |
| WAYLON SPAULDING, Individually; and, ) | |
| BRENDON SANFORD, Individually, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMSS

Plaintiff Jennifer Louise Jenkins filed this action as the administrator *ad litem* of the Estate of Sterling L. Higgins ("the Decedent"), alleging that Defendants Obion County, Tennessee, Union City, Tennessee, and their employees Robert Thomas Orsborne, Mary Broglin, Waylon Spaulding, and Brendon Sanford, in their individual capacities, violated the civil rights of the Decedent during his arrest, pretrial detention, and subsequent death on March 24, 2019. Plaintiff has asserted, *inter alia*, "all claims on [the Estate's] behalf and all claims actionable by it on behalf of Mr. Higgins's two minor daughters …." (Amd. Cmplt. at ¶ 6, ECF No. 37.) Plaintiff brings her claims pursuant to 42 U.S.C. § 1983 and Tennessee state law.[1]

---

[1] On September 28, 2020, the Court dismissed Plaintiff's claim for loss of consortium under § 1983, as well as all claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (Ord., ECF No. 59.)

Defendants have filed a motion to dismiss for lack of jurisdiction and standing. (ECF No. 61.) Defendants contend that Plaintiff, as administrator *ad litem*, lacks standing under Tennessee law to prosecute the claims brought in this action and that the Decedent's Estate does not have a cause of action against Defendants. They also contend that the grant of exclusive jurisdiction to Tennessee's circuit courts set out in the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29–20–307, deprives this Court of jurisdiction over the state law claims or, in the alternative, the exclusivity provision of the TGTLA provides a compelling reason for this Court to decline supplemental jurisdiction over those claims. Plaintiff has filed a response to the motion (ECF No. 64), and Defendants have filed a reply to the response. (ECF No. 65.) For the reasons set forth below, Defendants' motion is **DENIED**.

Although Defendants have styled their motion as a "motion to dismiss," they reference Rule 12(c) which provides for motions for judgment on the pleadings. It is well-settled that a Court uses the same standard in deciding a Rule 12(c) motion that applies to a review of a motion to dismiss under Rule 12(b)(6). *See Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 389 (6th Cir. 2007). Under either Rule 12(b)(6) or 12(c), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Id.* (citations omitted). The factual allegations in the complaint must be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, that is, more than merely possible. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The following facts are relevant in deciding this motion.[2]  On March 24, 2019, the Decedent suffered a mental health episode and was taken to the Obion County Jail.  After an altercation with law enforcement officers, the Decedent became unresponsive and ultimately died. Jennifer Louise Jenkins is the mother of the Decedent's two children and has been appointed administrator *ad litem* of his estate.  Nicole Higgins was married to the Decedent at the time of his death, although there is evidence that they were estranged.[3]

Defendants' motion brings three issues before the Court: (1) whether Plaintiff Jennifer Louise Jenkins has standing to bring this lawsuit, (2) whether the Decedent's Estate has a claim against Defendants, and (3) whether the Court has jurisdiction over the state law claims.  The Court finds that Plaintiff does have standing to bring the lawsuit, any recovery will belong to the statutory heirs, and the Court will accept jurisdiction over the state law claims.

The Decedent's Estate

Plaintiff has filed this action as the administrator *ad litem* of the Estate of the Decedent on behalf of their two minor children.  Defendants correctly set out the relevant law that a civil-rights claim is "a personal action cognizable only by . . . the person whose civil rights have been violated," although the claim "may be pursued in the name of a personal representative." *Davis v.*

---

[2]  The facts are stated for the purpose of deciding this motion only.

[3]  Plaintiff suggests that the Court should either not consider the evidence filed by Defendants in support of their contention that Nicole and Sterling Higgins were married at the time of his death or should convert the motion to one for summary judgment.  The Petition for Appointment as Administrator *Ad Litem* that Plaintiff Jenkins filed in Gibson County Chancery Court shows that the Decedent was married to Nicole Higgins at the time of his death. (ECF No. 66-1.) A document from another court proceeding is a public record that this Court can consider without converting the motion into a summary judgment motion. *See Watermark Senior Living Retirement Community, Inc. v. Morrison Management Specialist, Inc.*, 905 F.3d 421, 426 (6th Cir. 2018).  Moreover, it appears to be undisputed that the couple was, in fact, married at the time of the Decedent's death.  Any evidence to the contrary may be presented at a later time.

*Memphis Police Department*, 2013 WL 4446240 at *5 (W.D. Tenn. 2013). Defendants argue that, because the Decedent had a surviving spouse, the right to file a lawsuit belongs to Nicole Higgins, and Jennifer Louise Jenkins lacks standing to bring the lawsuit.

Under Tennessee law, a cause of action that survives death passes to the "surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin" or to "the person's personal representative, for the benefit of the person's surviving spouse or next of kin." Tenn. Code Ann. § 20-5-106(a)). Section § 20-5-107(a) also provides that "[t]he action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin." *See also* Tenn. Code Ann. § 20-5-110(a) (explaining that a wrongful death suit "may be brought" "in the name of the surviving spouse for the benefit of the surviving spouse and the children of the deceased" or "in the name of the administrator of the deceased spouse."); *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991) (setting out the priority for filing a lawsuit under Tennessee's wrongful death statute).

Plaintiff correctly points out that Defendants' argument is not a question of standing but of superior rights or priorities among beneficiaries. As the surviving spouse of the Decedent, Nicole Higgins had the "prior and superior right above all others" to file this action asserting both the § 1983 claim and the state-law wrongful death claim. *Beard v. Branson*, 528 S.W.3d 487, 499 (Tenn. 2017) (quoting *Foster*, 813 S.W.2d at 451). But she did not do so, and the fact that Nicole Higgins had priority in filing this lawsuit does not mean that she was the only one with that right. Clearly,

4

Jennifer Louise Jenkins, as administrator *ad litem* (personal representative) had standing to file the lawsuit pursuant to Tennessee's statute cited above.[4]

Defendants contend that there is no evidence that Nicole Higgins waived her right to file the lawsuit. To the contrary, Plaintiff has presented such evidence. First, Nicole Higgins took no action to file a lawsuit, and the applicable statute of limitations has now run.[5] If Plaintiff had not filed this action, any right to recovery would have been barred. Additionally, Higgins could have filed a motion to intervene in the lawsuit but has not done so.

Plaintiff's attorney, David Cooper, has filed his own declaration (ECF No. 64-1) stating the attempts he made to contact Nicole Higgins. Higgins was notified of the proceedings to appoint Jenkins as administrator *ad litem* of the Estate of the Decedent but did not appear at the hearing, nor did she file any objections to the appointment. Attorney Cooper states that he discussed the lawsuit with Higgins on at least two occasions. (*Id.* at para. 10.) According to Attorney Cooper, Higgins did not object to the filing of the lawsuit or indicate a desire to have herself substituted as the plaintiff. (*Id.*)

Defendants appear to suggest that the Court should discount the statements made by Attorney Cooper in his declaration. (Reply pp. 3-4, ECF No. 66 ("The Court should be leery of accepting Jenkins's claim that Nicole Higgins waived her right to file this lawsuit." And, "The question arises: What did Mr. Cooper and Nicole Higgins talk about regarding the suit?") Attorney Cooper is an officer of the Court, and the Court accepts the statements in his declaration as being

---

[4] Defendants have clarified their position as to the standing issue in their reply. (Reply p. 3, ECF No. 66 ("Defendants do not dispute that a court-appointed administrator can file a wrongful-death case. Rather, Defendants' position is that Nicole and Sterling Higgins were married when he died. This gives Nicole Higgins priority in filing this case.")).

[5] Higgins learned of the death of the Decedent when the Tennessee Bureau of Investigations interviewed her on the day of the death. (Cooper Decl. Exh., ECF No. 64-2.)

truthful and made in good faith. If there is some evidence to the contrary that Defendants are privy to of which the Court is unaware, Defendants should present that evidence. If not, they should refrain from disparaging Attorney Cooper's statements.

Accordingly, the Court finds that, while Nicole Higgins may have had priority in filing a lawsuit, she did not do so, and the record shows that she has waived that right. *See Epperson v. City of Humboldt*, 140 F.Supp.3d 676, 682 (W.D. Tenn. 2015) ("An inferior beneficiary may not sue until the person with the prior and superior right waives [her] right of action." Waiver may be effected "by permitting the plaintiffs' suit to stand without objection[.]" (citations omitted)). Thus, Defendants' argument that Jennifer Louise Jenkins as administrator *ad litem* lacks standing to file this action is not persuasive.

Next, Defendants argue that Jenkins cannot recover on behalf of the Estate and, instead, any recovery would benefit the statutory heirs, including Higgins. *See id.* ("The statutory beneficiary is the real party in interest, and neither the claim nor the recovery becomes a part of the estate of the deceased.") Plaintiff agrees that this action is being prosecuted for the benefit of the eligible statutory beneficiaries and that no part of the recovery will pass through the Estate. (Resp. at p. 8 n. 1, ECF No. 64, relying on *Beard*, 528 S.W.3d at 498 ("The personal representative may institute the wrongful death action, but [she] does so for the benefit of [the statutory beneficiaries], not the decedent's estate.")).[6]

Plaintiff's State Law Claims

Plaintiff has brought claims against Defendants Orsborne, Spaulding, Brogglin, and Sanford under the Tennessee Wrongful Death and Survival laws, Tenn. Code Ann. §§ 20-5-106,

---

[6] Whether Higgins is entitled to any potential proceeds from the claim is an issue to be decided at a later date.

107, for allegedly intentionally, recklessly, or otherwise unlawfully causing the death and pre-death pain and suffering of the Decedent.  It is undisputed that this Court has original jurisdiction over Plaintiff's federal claims under the general federal question jurisdiction conferred by 28 U.S.C. § 1331.  However, as noted by Defendants, because the individual Defendants are governmental employees, any claims for damages against them under state law "must pass through the provisions" of the TGTLA. *See Albea v. Bunn*, 281 F. Supp. 3d 670, 688 (W.D. Tenn. 2017) (finding that "all suits for damages against governmental entities and their employees under state law must pass through the provisions of the" TGTLA).

Defendants correctly point out that Courts in the Western District of Tennessee, including this Court, have often declined to exercise supplemental jurisdiction over state-law claims against law enforcement officer defendants based on Tenn. Code Ann. § 29–20–307 ("The circuit courts shall have exclusive jurisdiction over any action brought" under the TGTLA); *see, e.g.*, *Tillman v. Decatur County*, 2015 WL 5675843 at *5 (W.D. Tenn. 2015); *Dotson v. Correctional Medical Services*, 584 F. Supp.2d 1063, 1069 (W.D. Tenn. 2008), *aff'd sub nom*, *Dotson v. Smith*, 385 F. App'x 468 (6th Cir. 2010); *Cunningham v. Reid*, 337 F.Supp.2d 1064, 1069-1070 (W.D. Tenn. 2004), and they ask the Court to now follow that practice.

However, not all of this District's Courts have followed suit in declining jurisdiction over state law claims brought against a governmental entity or its employees. *Peatross v. City of Memphis*, 2015 WL 13021901 (W.D. Tenn. Mar. 12, 2015), *aff'd*, 818 F.3d 233 (6th Cir. 2016), acknowledged support for the argument that "the Sixth Circuit and district courts within Tennessee confronted with state-law claims under the TGTLA have, on occasion, refused to exercise their

7

supplemental jurisdiction powers."[7] *Id.* at *3–5 (citing *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) (finding that the Tennessee legislature's unequivocal preference for TGTLA claims be handled by its own state courts qualifies as an exceptional circumstance for declining jurisdiction); *Hullett v. DeKalb Cnty.*, Tenn., 2012 WL 398288 at *3 (M.D. Tenn. Feb. 7, 2012) (finding that the Sixth Circuit, as well as the Middle District of Tennessee, have repeatedly held that the "unequivocal preference" that TGTLA claims be adjudicated in the state's circuit courts presented an exceptional circumstance justifying the district court's decision to decline supplemental jurisdiction, pursuant to § 1367(c)(4)); *Moore v. City of Memphis*, No. 2:14-cv-02089 (W.D. Tenn. 2014) (finding that the comity factor strongly weighed in favor of declining jurisdiction, and that remanding the case at an early stage of the proceedings would not thwart judicial economy or result in any unfairness or inconvenience to the defendants)).

*Peatross* then explained that some courts

> have questioned the Sixth Circuit's rationale in *Gregory* that undergirded many of the subsequent decisions. For example, in *Brown v. City of Memphis*, 440 F. Supp. 2d 868 (W.D. Tenn. 2006), the court found that "[i]t is far from apparent that the Tennessee legislature intended any such preemptive effective on the federal courts" with the language employed in the TGTLA. *Id.*, 440 F. Supp. 2d at 878 n. 5. Furthermore, the court declared that "[w]hatever the intent of the Tennessee legislature may have been in enacting the Governmental Tort Liability Act, the authority of the federal courts to appropriately exercise jurisdiction over supplemental state law matters remains undiminished." *Id.* at 878. In *Dillingham v. Millsaps*, 809 F. Supp. 2d 820 (E.D. Tenn. 2011), the Eastern District of Tennessee court noted the split among the district courts in their decisions to exercise jurisdiction over TGTLA claims, but ultimately embraced the *Brown* court's analysis and exercised supplemental jurisdiction. In *Birgs v. City of Memphis*, 686 F. Supp. 2d 776 (W.D. Tenn. 2010), the court relied in part on the decision in Brown in deciding to exercise its supplemental jurisdiction over the TGTLA claim. The court found that "where invoking the exceptional circumstance objection would

---

[7] Congress granted the federal courts the authority to hear "all ... claims that are so related to claims in [an] action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court's exercise of its supplemental jurisdiction is discretionary. *See* 28 U.S.C. § 1367(c) (noting that district courts "may decline to exercise supplemental jurisdiction.")

8

'necessitate duplicative litigation which would be wasteful of judicial and litigant resources,' federal courts have declined to dismiss TGTLA claims." *Birg*s, 686 F. Supp. 2d at 778-79 (citing *Brown*, 440 F. Supp. 2d at 878).

*Peatross*, 2015 WL 13021901 at *3–5. [8]

In refusing to decline jurisdiction over the state law claims, the *Peatross* Court looked at the fact that both state and federal law claims were "based on the alleged actions of the police officers and the failure of the City of Memphis to properly train them, which ultimately resulted in the shooting death" of the decedent. "Thus, the state law claims form part of the same case or controversy and are 'derive[d] from a common nucleus of operative fact' as the federal claims, making them so closely related that it justifies this Court exercising its supplemental jurisdiction over the state law claims." *Id.* at *4 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). *Accord Williams v. Town of Smyrna, Tennessee*, 2017 WL 1364715 at *8 (M.D. Tenn. Apr. 14, 2017), *aff'd in part sub nom. Williams v. Godby*, 732 F. App'x 418 (6th Cir. 2018) ("[T]he facts underlying Williams' constitutional claim against Officer Godby in this situation are the same facts underlying her false imprisonment claim against Officer Godby. The Court finds that it is most efficient for Williams' false imprisonment claim against Officer Godby to remain in federal court; it would make little sense for the parties to litigate the same facts, with the same witnesses, and overlapping discovery in two separate courts.")

---

[8] The Court in *Warren v. Metro. Gov't of Nashville*, 2015 WL 3417844 (M.D. Tenn. May 27, 2015), also discounted the rationale of courts' relying on *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

> [N]either *Gregory* nor the Tennessee legislature's preference that TGTLA claims be handled in state courts requires dismissal of supplemental TGTLA claims. *Id.* at 446. To the contrary, the grant of original jurisdiction over TGTLA claims to state circuit courts does not defeat federal jurisdiction. *Dillingham v. Millsaps*, 809 F.Supp.2d 820, 850–51 (E.D. Tenn. 2011).

Likewise, in this case, the facts underlying the federal claims and the state law claims are not only the same but are inextricably intertwined and declining to accept jurisdiction over the state law claims would not be the best use of judicial or litigant resources. *See Lopez v. Metropolitan Gov't of Nashville and Davidson County*, 646 F.Supp.2d 891, 921 (M.D. Tenn. 2009) (observing that, when declining supplemental jurisdiction would necessitate duplicative litigation which would be wasteful of judicial and litigant resources, federal courts have declined to dismiss TGTLA claims). Accordingly, Defendants' motion to dismiss the state law claims is denied, and Defendants' motion to dismiss in its entirety is **DENIED**.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 14, 2021.